**ORDERED.**

Dated: January 22, 2010

_____
**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| R.E. BARNETT & SONS TRUCKING COMPANY, | Case No. 4-09-bk-1811-EWH |
| Debtor. | |
| JON and JANET PAFFENROTH, husband and wife, and TRUCK, L.L.C., an Arizona limited liability company, | Adv. No. 4-09-ap-00552-EWH |
| Plaintiffs. | |
| v. | **MEMORANDUM DECISION** |
| R.E. BARNETT & SONS TRUCKING CO., an Arizona corporation, and DAN and JANE DOE JUSTUS, husband and wife, SCOTT and AMANDA BARNETT, husband and wife, et al., | |
| Defendants. | |

I. <u>INTRODUCTION</u>

Non-debtor plaintiffs have sued the debtor and its non-debtor principals on state law causes of action. The non-debtor defendants have moved to dismiss the complaint

Case 4:09-ap-00552-EWH    Doc 35    Filed 01/22/10    Entered 01/25/10 11:26:48    Desc
Main Document      Page 1 of 7

for lack of subject matter jurisdiction. For the reasons explained in the balance of this decision, the motion is denied.

## II. FACTS AND PROCEDURAL HISTORY

On May 22, 2009, Truck, L.L.C. ("Truck") and Jon and Janet Paffenroth ("Paffenroth"), collectively "Plaintiffs", commenced this adversary proceeding. On August 26, 2009, they filed a First Amended Complaint. The named defendants in the First Amended Complaint are R.E. Barnett and Sons Trucking Company ("Debtor") and its principals, Dan Justus ("Justus") and Scott and Amanda Barnett ("Barnetts") (Justus and Barnetts will be referred to collectively as the "Individual Defendants").

All of plaintiffs' allegations are based on the same set of facts involving the lease of five (5) trucks (the "Trucks"). The Plaintiffs' Complaint asserts the following claims solely against the Debtor:

1. a declaration that the Trucks are being held in a resulting trust for the benefit of the Plaintiffs;
2. the imposition of an equitable trust on the Trucks in favor of the Plaintiffs;
3. the imposition of an equitable lien in favor of the Plaintiffs on the Debtor's property; and
4. a determination that Plaintiffs have an administrative claim for unjust enrichment in the Debtor's bankruptcy case.

The following claims are asserted against the Debtor and the Individual Defendants:

5. conversion;
6. fraud;

2

7. constructive fraud; and

8. a demand for attorneys fees.

All of the eight claims for relief are based on state law.

Initially, both the Debtor and Individual Defendants filed Motions to Dismiss. The Debtor withdrew its Motion to Dismiss and filed an answer to the First Amended Complaint on December 23, 2009. Plaintiffs and Individual Defendants have fully briefed and argued the Individual Defendants' Motion to Dismiss, including filing supplemental authority in support of their respective positions. The matter is now ready for decision.

### III. ISSUE

Does the court have subject matter jurisdiction over the claims against the Individual Defendants?

### IV. DISCUSSION

Jurisdiction for bankruptcy cases is based in 28 U.S.C. § 1334(b), which gives district courts original, but not exclusive, jurisdiction over all civil proceedings "arising under" Title 11, or "arising in" or "related to" cases under Title 11. None of the Plaintiffs' claims "arise under" Title 11 because they are not based on the provisions of Title 11. Plaintiffs' state law claims do not create "arising in" jurisdiction because they are not administrative matters that only arise in a bankruptcy case. In re Spokane Raceway Park, Inc., 392 B.R. 451, 457 (Bankr. E.D. Wash. 2008).

In analyzing "related to" jurisdiction, courts in the Ninth Circuit generally follow the "Pacor test." See Pacor Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984). Under that test, proceedings "related to" bankruptcy include: 1) causes of action owned by the debtor which become estate property; and 2) suits between third-parties which have an effect on the bankruptcy estate. In re Spokane Raceway, 392 B.R. at 457. "An action is 'related to' a bankruptcy case if the outcome could alter the debtor's rights, liability, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the estate." In re Pegasus Gold Corp., 394 F.3d 1189, 1194 (9th Cir. 2005) (quoting In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988 and Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).

The Plaintiffs' claims against the Debtor fall within the court's "related to" jurisdiction because, if Plaintiffs are successful in their claims that the Trucks are being held in trust for them, the Debtor's estate will not have the Trucks which would affect Debtor's ability to use the Trucks. If Plaintiffs prevail on their equitable lien claim, it will increase the amount and nature of claims against the estate. If Plaintiffs' attorneys' fees claims or administrative claims are allowed, there will also be an impact on the bankruptcy estate because it will increase claims against the estate. Accordingly, the First Amended Complaint's claims against the Debtor are "related to" the Debtor's bankruptcy case and fall within this court's original, but not exclusive, jurisdiction under 28 U.S.C. § 1334(b).

The Plaintiffs' state law claims against the Individual Defendants do not, however, create "related to" jurisdiction because there is no evidence that if Plaintiffs are successful against the Individual Defendants, that the Individual Defendants will

4

have an indemnity claim against the Debtor or that Plaintiffs' claims against the Individual Defendants can be enforced against the Debtor or will otherwise affect the Debtor's estate. There is, therefore, no basis for asserting "related to" jurisdiction over Plaintiffs' claims against the Individual Defendants.

However, because the Plaintiffs' claims against the Debtor fall within the court's original jurisdiction, supplemental jurisdiction under 28 U.S.C.A. § 1367(a) may exist over the Individual Defendants.

28 U.S.C.A. § 1367(a) provides:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

In the Ninth Circuit, supplemental jurisdiction applies to bankruptcy courts. See Pegasus Gold, 394 F.3d at 1195.

While the Individual Defendants argue that supplemental jurisdiction only exists under 28 U.S.C.A. § 1367(a) if there is a federal claim involved, that is not what the statute says. Supplemental jurisdiction may exist under 28 U.S.C.A. § 1367 once original jurisdiction is established under 28 U.S.C. § 1334(b). Security Farms v. Int'l Brotherhood of Teamsters, 124 F.3d 999, 1009, n.5 (9th Cir. 1997). Because "related to" jurisdiction exists over the Plaintiffs' claims against the Debtor, the court has original jurisdiction over the First Amended Complaint and may, in its discretion, exercise supplemental jurisdiction over third parties, such as the Individual Defendants. Factors

5

to be considered in deciding whether to exercise such discretion include judicial economy, convenience, fairness to the parties and whether the parties would expect all claims to be tried together. In re Hospitality Ventures, 358 B.R. 462, 481-82 (Bankr. N.D. Ga. 2007) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725-27 (1966)).

In this case, the same factual nexus applies to all of the Plaintiffs' claims. Little purpose will be served by requiring this court and another court to hear the same evidence. There is also the possibility that if two courts hear the same evidence, there may be inconsistent determinations regarding the conversion, fraud and constructive fraud claims. Accordingly, supplemental jurisdiction may be properly exercised over the Individual Defendants.

## V. CONCLUSION

The court has original "related to" jurisdiction over Plaintiffs' claims against the Debtor and, therefore, may, subject to the limitations of 28 U.S.C. § 157(c)(1),[1] exercise supplemental jurisdiction over the Individual Defendants because of the tight nexus which exists between the Plaintiffs' claims against the Debtor and the Plaintiffs' claims against the Individual Defendants.

Dated and signed above.

---

[1] 28 U.S.C. § 157(c)(1) limits a bankruptcy court in a "related to" proceeding to submitting proposed findings of fact and conclusions of law to the district court for *de novo* review and entry of final judgment.

6

| | |
|---|---|
| 1 | Notice to be sent through the Bankruptcy Noticing Center "BNC" to the following: |
| 2 | |
| 3 | |
| 4 | Thomas A. Denker, Esq.<br>Munger Chadwick, P.L.C.<br>333 North Wilmot Rd., Suite 300<br>Tucson, AZ  85711 |
| 5 | |
| 6 | |
| 7 | Eric Slocum Sparks, Esq.<br>Eric Slocum Sparks P.C.<br>110 South Church Ave. #2270<br>Tucson, AZ  85701 |
| 8 | |
| 9 | |
| 10 | Gary T. Doyle, Esq.<br>Baumann, Doyle Paytas et al<br>2929 North 44th St. #120<br>Phoenix, AZ  85018 |
| 11 | |
| 12 | |
| ... | |
| 28 | |